# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

**No. 97-41220**
**Summary Calendar**
_____

**JOHN HARVEY MILLER; DEBBIE TUCKER LOVELESS,**

**Plaintiffs-Appellees,**

**VERSUS**

**RAINS COUNTY, TEXAS; ET AL,**

**Defendants,**

**ALWIN S. SMITH; RICHARD WILSON; FRANK LONG,**

**Defendants-Appellants.**

_____

Appeal from the United States District Court
for the Eastern District of Texas
(6:95-CV-982)

_____

July 19, 1999

Before REYNALDO G. GARZA, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[1]

### I. Factual and Procedural Background

This case involves an alleged malicious prosecution in violation of the United States Constitution, brought pursuant to 42 U.S.C. § 1983. The defendants-appellants, Alwin S. Smith ("Smith"), Frank Long ("Long") and Richard Wilson ("Wilson") ( collectively "appellants"), appeal the district court's denial of their summary judgment motions.

A jury convicted John Harvey Miller ("Miller") and Debbie Tucker Loveless ("Loveless") (collectively "appellees") for the murder of Loveless' daughter, April Tucker ("April"). On state habeas, the Court of Criminal Appeals vacated Miller's and Loveless' conviction on the grounds

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of ineffective assistance of counsel.  Miller and Loveless then brought a section 1983 action against Smith and Long, the prosecuting attorneys, and Wilson, the sheriff, involved in their murder convictions.  Smith, Long and Wilson asserted that they were entitled to absolute and/or qualified immunity and filed motions for summary judgment.  The district court denied their motions for summary judgment after finding that genuine issues of material fact existed in regard to their immunity claims.  The district court, however, failed to specifically mention in its order what material facts were in dispute.  Following an interlocutory appeal, this Court remanded the case to the district court and ordered that it clarify what factual disputes existed regarding the denial of appellants' motions for summary judgment.  Subsequently, the district court issued its order setting forth the following as genuine issues of material fact  regarding the issues of absolute and qualified immunity:

(1) whether Smith and Long actively participated in a search of the appellees' property and residence for "evidence" on January 5, 1989;

(2) whether Smith and Long actively participated in a search of the appellees' property and residence for evidence on January 7, 1989;

(3) whether, prior to and during the criminal trial of the appellees, the appellants deliberately concealed exculpatory evidence that conclusively established that April had been attacked and killed by a family dog;

(4) whether prior to and during the criminal trial of the appellees, the appellants deliberately concealed exculpatory evidence that the family dogs had viciously attacked a social worker on several occasions; and

(5) whether prior to indictment and trial, the appellants fabricated or manufactured evidence to present to a grand jury when previous searches failed to reveal any evidence of the appellees' involvement in April's death.

Now, with the district court's order specifying the genuine issues of material fact that

were utilized in denying the appellants' motions for summary judgment, this Court renders its decision.

## II. Standard of Review

This Circuit reviews a district court's grant of summary judgment *de novo*, applying the same standard of review as would the district court. *See Shanks v. AlliedSignal, Inc.*, 169 F.3d 988, 992 (5th Cir. 1999); *see Merritt-Campbell, Inc. v. RxP Products, Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58 (1992). Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *see Merritt-Campbell, Inc.*,164 F.3d at 961. Disputes concerning material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglas v. United Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An

issue is material if it involves a fact that might affect the outcome of the suit under the governing law. *Id*. at 248; *Thomas v. LTV Corp*., 39 F.3d 611, 616 (5th Cir. 1994).

## III. Discussion

The appellants assert that the factual disputes found by the district court regarding absolute and qualified immunity are not material. In addition, they argue that there is no competent summary judgment evidence in the record to support the genuine issues of fact found by the district court. We find that the appellants' arguments are not valid.

After reviewing the record, we conclude that  it sufficiently supports the genuine issues of fact found by the district court. Furthermore, we find that the district court was correct in determining that there are material factual disputes that prevent the appellants from being awarded summary judgment based upon their absolute and qualified immunity defenses.

3

Normally, a criminal prosecutor is fully protected by absolute immunity when performing the traditional functions of an advocate. *Kalina v. Fletcher*, 118 S.Ct. 502, 504 (1997)(citing *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)). However, a prosecutor who engages in investigatory functions normally conducted by the police cannot claim absolute immunity but instead may only rely upon qualified immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 275 (1993). Accordingly, we hold that the district court was correct in finding that the factual disputes of whether Smith and Long actively participated in a search of the appellees' property and residence for evidence, are material to the defense of absolute immunity.

The appellants also contend that the district court improperly denied their motions for summary judgment in regard to their defense of qualified immunity. Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights. 42 U.S.C. § 1983. In order to determine if the appellees have a valid section 1983 claim and whether the defense of qualified immunity can be utilized, the court must determine whether the appellants' "'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Buckley*, 509 U.S. at 268 (1993)(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Thus, the appellants will be entitled to qualified immunity for their actions only if they "acted in an objectively reasonable manner in view of the existing law an the facts available to [them]." *Lampkin v. City of Nacogdoches*, 7 F.3d 430, 434-35 (5th Cir. 1993). Normally, the question of qualified immunity should be decided by the court without the assistance of the jury; however, where the underlying facts essential in the determination of the immunity issue are controverted, a determination by the trier of fact is necessary. *Id*. at 435.

It is evident that there are material facts in dispute regarding whether the appellants' conduct violated the constitutional rights of the appellees. Specifically the facts in dispute are: (a) whether prior to and during the criminal trial of the appellees, the appellants deliberately concealed exculpatory evidence that conclusively established that April had been attacked and

4

killed by a family dog; (b) whether prior to and during the criminal trial of the appellees, the appellants deliberately concealed exculpatory evidence that the family dogs had viciously attacked a social worker on several occasions; and (c) whether prior to indictment and trial, the appellants fabricated or manufactured evidence to present to a grand jury when previous searches failed to reveal any evidence of the appellees' involvement in April's death. Furthermore, because the facts essential in the determination of the immunity issue are controverted, the district court properly denied the appellants' motions for summary judgment so that the jury could make the essential factual findings. Accordingly, we hold that the district court was correct in denying of the appellants' motions for summary judgment based upon the defense of qualified immunity.

## *IV. Conclusion*

For the aforementioned reasons, we AFFIRM the district court's denial of the appellants' motions for summary judgment and REMAND for trial on the merits.

5